RENNER v. GILCHRIST.

LIMITATION OF ACTIONS—BREACH OF BUILDING CONTRACT—PREVIOUS LITIGATION.

Plaintiffs who were aware of breach of cost-plus construction contract upon filing of first bill to rescind various other financing transactions, which was dismissed for want of prosecution, were barred by six-year statute of limitations raised in defense upon transfer of cause, commenced by third bill for like purpose filed about three and one half years later, to law side and filing of declaration containing count in assumpsit for breach of such contract about seven years after first bill since the various equity suits did not toll the running of the statute as to cause of action not therein asserted or embraced (3 Comp. Laws 1929, § 13976).

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted April 11, 1939. (Docket No. 67, Calendar No. 40,464.) Decided June 5, 1939.

Bill by E. Elias Renner and Ada A. Renner against Dan H. Gilchrist and another for cancellation of certain instruments and money damages. Case transferred to law side of court. Declaration filed, containing counts for fraud in financing, breach of building contract and common counts. Judgment for plaintiffs against Dan H. Gilchrist. Defendant appeals. Reversed without new trial.

*Lindley, Delaney & Worsham*, for plaintiffs.

*Slyfield, Hartman, Mercer & Reitz*, for defendant.

WIEST, J. Defendant, Dan H. Gilchrist, under a cost-plus contract, built a house and garage for plain-

tiffs. In order to finance the job various transactions relative to real estate were entered into and finally resulted in plaintiffs' losing their property. The building contract was in writing and entered into November 7, 1929. Plaintiffs took possession of the erected buildings in March, 1930, and moved out in June, 1932. In June, 1930, while occupying the premises, plaintiffs filed a bill in equity against defendant Dan H. Gilchrist and his wife and one Peter P. Verner to have rescission or cancellation of the various financing transactions involving real estate for claimed fraudulent representations by Mr. Gilchrist and to have damages sustained by reason thereof. The bill also alleged that the building was defective in materials and workmanship. That bill was dismissed for want of prosecution. November 16, 1931, plaintiffs filed a like bill, which was also dismissed for want of prosecution. December 28, 1933, plaintiffs filed a third bill, again alleging fraud by Mr. Gilchrist in the financing transactions, and asking for relief against the same and restraint of a summary proceeding before a circuit court commissioner. The only allegation therein relative to faulty construction of the building was the following:

"Your plaintiffs further show unto the court that the house and premises agreed to be erected and completed by the defendant, Dan H. Gilchrist, for your plaintiffs, has not been completed and the same are defective in materials and workmanship throughout."

No specific relief, by way of damages for such alleged faulty construction or for breach of the building contract was asked, and such reference to the building contract was only explanatory of the financing transactions based thereon, and the breach thereof, as an added reason for rescission or cancellation of the real estate transactions and not in

affirmance with claimed damages for breach of the contract. Plaintiffs dismissed the bill as to defendants Verner and the circuit court commissioner.

May 28, 1937, the court, upon a finding that the equitable cause of action of the plaintiffs herein no longer existed, transferred the "cause of action" for breach of contract to the law side of the court and gave plaintiffs 15 days in which to file a declaration.

Plaintiffs filed a declaration, in count one alleging fraud perpetrated in the mentioned real estate transactions for financing purposes. This count was waived at the trial. In count two, they alleged an action of assumpsit upon the common counts, and especially for breach of the building contract, and again alleged fraud in the financing transfers with damage to plaintiffs. Count three was the common counts in assumpsit.

Plaintiffs abandoned the action against Mrs. Gilchrist.

Mr. Gilchrist gave notice that plaintiffs, in filing the bills for rescission, elected to have such remedy, if any, and are thereby estopped from having remedy under count two of the declaration. Mr. Gilchrist also pleaded the statute of limitations.

The trial was by jury and plaintiffs had verdict and judgment thereon for $1,100. Defendant Dan H. Gilchrist reviews by appeal.

Plaintiffs were aware of the breach of the construction contract when they filed the first bill of complaint in June, 1930. The six-year statute of limitations, 3 Comp. Laws 1929, § 13976 (Stat. Ann. § 27.605), had barred the action in assumpsit for breach of the building contract at the time the declaration was filed in April, 1937, unless saved by the suits in chancery. The suits in chancery were to obtain relief from alleged fraud, in relation to trans-

fers of real property interests, and not to have recovery of damages as in assumpsit for breach of the building contract, and did not toll the running of the statute as to a cause of action not therein asserted nor embraced.

Plaintiffs do not now, by their declaration, sue for fraud, as in the equity suit, but sue on building contract rights for the first time and such action is barred by the statute of limitations.

The judgment is reversed without a new trial, and with costs to defendant Dan H. Gilchrist.

BUTZEL, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.